97 F.3d 1460
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Saraswati RAM, et al., Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70328.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.**
Decided Sept. 24, 1996.
 
 1
 Petition to Review a Decision of the Immigration and Naturalization Service, Nos. Aod-xkm-xgj, Ail-pmw-sxo.
 
 
 2
 B.I.A.
 
 
 3
 REVIEW DENIED.
 
 
 4
 Before: WALLACE, THOMPSON, Circuit Judges, and SEDWICK,* District Judge.
 
 MEMORANDUM
 
 5
 Saraswati Ram and her minor son, Harish Ram ("petitioners"), ethnic Indian citizens of Fiji, petition for review of the decision of the Board of Immigration Appeals ("Board") upholding the Immigration Judge's ("IJ") denial of their application for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158 and 1253. The Board exercised jurisdiction pursuant to 8 C.F.R. §§ 3.1(b)(2) and 242.21. We have jurisdiction over petitioners' timely petition for review pursuant to 8 U.S.C. § 1105a. We conclude that the record contains substantial evidence to support the Board's conclusions that petitioners have not suffered persecution and do not have a well-founded fear of future persecution. Therefore, we deny review.
 
 I. Standard of Review
 
 6
 When the Board performs an independent review of the record, this court reviews the decision of the Board, not the IJ. Hartooni v. INS, 21 F.3d 336, 340 (9th Cir.1994). The decision to grant or deny asylum is reviewed for abuse of discretion. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). Review of purely legal questions regarding the requirements of the Immigration and Nationality Act ("INA") is de novo. Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995). "By contrast, factual findings by the Board regarding asylum or withholding of deportation claims are 'conclusive' if 'supported by reasonable, substantial, and probable evidence on the record considered as a whole.' " Hartooni, 21 F.3d at 340 (quoting 8 U.S.C. § 1105a(a)(4)). This court reverses such findings only where the evidence presented would compel any reasonable factfinder to reach a contrary result. INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 815 (1992); Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995).
 
 II. Legal Standard
 
 7
 Under INA § 208(a), 8 U.S.C. § 1158(a), the Attorney General has discretion to grant asylum if the applicant shows he is a "refugee." A refugee is defined as any person who is unable or unwilling to return to her country of origin because she has experienced past persecution or has a well-founded fear of persecution due to her race, religion, nationality, membership in a particular social group, or political opinion. INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).
 
 
 8
 A well-founded fear of persecution has both objective and subjective components. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). The applicant may satisfy the subjective component by providing credible testimony that he genuinely fears persecution. The objective inquiry "requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution" on one of the grounds enumerated in the INA. Id. The applicant also must demonstrate that he would be subject to "particularized individual persecution" apart from the general population. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995).
 
 III. Merits
 
 9
 The Board "has the power to review the [IJ's] decision de novo, to make its own findings of fact and to determine for itself whether evidence was sufficient." Hartooni, 21 F.3d at 340 (citing Castillo v. INS, 951 F.2d 1117, 1120 (9th Cir.1991). "Nevertheless, the [IJ's] credibility findings are entitled to 'considerable deference,' " and this court reviews them under a substantial evidence standard. Id. (quoting De Valle v. INS, 901 F.2d 787, 792 (9th Cir.1990)); Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987). A trier of fact who rejects a witness's testimony because it lacks credibility should "offer a specific, cogent reason for [his] disbelief." Damaize-Job v. INS, 787 F.2d 1332, 1338 (9th Cir.1986) (quoting Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir.1981).
 
 
 10
 The IJ found that Ram was not credible because she has applied for asylum three times, and each time the incidents were described differently and embellished. Both the IJ and the Board provide specific reasons for their adverse credibility findings, and substantial evidence supports these findings. There does not appear to be a language problem; Ram has had years of training in English and has worked in English speaking offices in English speaking countries. Her testimony during the deportation hearing and in her handwritten declaration regarding the most significant event--rape, which may or may not establish past persecution--is inconsistent with her testimony in her initial asylum application. Therefore, we will not disturb the Board's credibility findings.
 
 
 11
 The Board found that even if Ram's testimony were true, the soldier's conduct did not amount to past persecution within the meaning of the INA, because petitioners did not establish that the rape and other sexual assaults were on account of Ram's race, religion, or political opinion, and not as a result of general country conditions. Citing Matter of Chen, Interim Decision 3104 (BIA1989); 8 C.F.R. § 208.13(b)(1),[1] the Board also found that petitioners "have not demonstrated a well-founded fear of either past or future persecution." We conclude that even if the conduct Ram describes were persecution within the meaning of the INA, substantial evidence supports the Board's conclusion that petitioners are not entitled to asylum based on past persecution alone. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993); Chen, supra. While the treatment Ram describes is certainly horrifying and despicable, it does not rise to the level of atrocity described in Chen.
 
 
 12
 The Board further found that even if Ram's testimony were true, and even if petitioners have established past persecution, they have not demonstrated a well-founded fear of future persecution, because Ram's former husband was the source of most, if not all, of the military harassment, and there is no evidence that the military has a continued interest in either of the petitioners or that petitioners would be treated differently from other Indo-Fijians. Substantial evidence in the record supports the Board's conclusion that petitioners have not shown a well-founded fear of future persecution. See Prasad, 47 F.3d at 339. While there is ample evidence of generalized violence, discrimination and harassment against ethnic Indians in Fiji, there is no indication that any potential persecution would be directed specifically at petitioners. See Rebollo-Jovel v. INS, 794 F.2d 441, 448 (9th Cir.1986).
 
 
 13
 Because petitioners have not met the requirements for asylum, it follows that they cannot meet the more stringent standard for withholding of deportation. De Valle, 901 F.2d at 793.
 
 
 14
 REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 Honorable John W. Sedwick, United States District Judge, District of Alaska, sitting by designation
 
 
 [1]
 8 C.F.R. § 208.13(b)(1) provides:
 Past persecution. An applicant shall be found to be a refugee on the basis of past persecution if he can establish that he has suffered persecution in the past in his country of nationality or last habitual residence on account of race, religion, nationality, membership in a particular social group, or political opinion, and that he is unable or unwilling to return to or avail himself of the protection of that country owing to such persecution.